UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABIGAIL BRITTON,<br><br>　　　　　　　　*Plaintiff,*<br><br>-against-<br><br>EQUIFAX INFORMATION SERVICES LLC AND EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　　　　*Defendants.* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

By and through the undersigned counsel, Plaintiff Abigail Britton ("Plaintiff"), with knowledge as to Plaintiff's own acts and investigation of counsel as to the acts of others, and believing that further investigation and discovery will confirm that the allegations recited herein have substantial evidentiary support, states as follows:

### Introduction

1. Pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), Plaintiff brings this action against Defendants Equifax Information Services LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (Equifax and Experian are the "CRA Defendants") to recover actual, statutory, and punitive damages. In addition, Plaintiff is entitled to an award of costs and attorney's fees in this statutory fee-shifting action.

### Jurisdiction and Venue

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

4. A substantial portion of the harm Defendants caused Plaintiff due to their FCRA violations was suffered by Plaintiff in this Judicial District.

## The Parties

5. Plaintiff is an individual and "consumer" within the meaning of the FCRA. Plaintiff maintains a residence in Rochester, New York.

6. Defendant Equifax is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

7. Defendant Experian is a foreign entity that conducts business in the State of New York, and is a "consumer reporting agency" within the meaning of the FCRA.

## Plaintiff's Claims Against Defendants Pursuant to the Fair Credit Reporting Act

8. Plaintiff owed student loans to the Department of Education. Nelnet serviced those loans.

9. Servicing for Plaintiff's loans was transferred from Nelnet to a company doing business as Mohela ("Mohela"). When the servicing was transferred to Mohela, Mohela, and not Nelnet, was responsible for credit reporting of Plaintiff's Department of Education accounts.

10. After the transfer of servicing responsibilities for Plaintiff's student loans from Nelnet to Mohela, Plaintiff's Equifax and Experian credit reports reflected that she was responsible for making student loan payments to Nelnet *and* Mohela, effectively double reporting the same student loans (hereinafter this is referred to as "Duplicate Student Loan Balances").

11. By reporting the Duplicate Student Loan Balances, Equifax and Experian created the impression that Plaintiff had significantly more debt than she actually owed. Because Plantiff's debtload was falsely inflated on her credit reports by hundreds of thousands of dollars, Plaintiff wrongly appeared to be a significant risk to creditors.

12. Among other examples of defamatory publications, Equifax published the Duplicate Student Loan Balances to Citibank in April 2023. This publication defamed Plaintiff, thereby:

    a. Giving Citibank the false impression that Plaintiff was a poor credit risk.

     b. Impugning Plaintiff's reputation and character.

     c. Causing Plaintiff to suffer substantial emotional distress.

13. Among other examples of defamatory publications, Experian published the Duplicate Student Loan Balances to JPMorgan Chase Bank in May 2023. This publication defamed Plaintiff, thereby:

     a. Giving JPMorgan Chase Bank the false impression that Plaintiff was a poor credit risk.

     b. Impugning Plaintiff's reputation and character.

     c. Causing Plaintiff to suffer substantial emotional distress.

*Damages*

14. At all times pertinent hereto, the conduct of Equifax and Experian and their agents was malicious, intentional, willful, reckless, and in wanton disregard for the rights of Plaintiff pursuant to the FCRA.

15. In the alternative, the conduct of Equifax and Experian and their agents was in negligent disregard of the rights of Plaintiff pursuant to the FCRA.

16. Equifax and Experian, as a direct and proximate result of their unlawful actions, conduct, and omissions, published inaccurate information about Plaintiff to third parties.

17. Equifax's and Experian's publication of inaccurate information about Plaintiff caused Plaintiff to suffer damages cognizable pursuant to the FCRA, including but not necessarily limited to the following:

     a. Plaintiff suffered substantial emotional distress.

     b. Plaintiff was defamed by Equifax and Experian, both of which published false information about Plaintiff that damaged Plaintiff's reputation for

creditworthiness. Such defamation further contributed to, among other things, Plaintiff's ongoing emotional distress.

18. The damages Plaintiff suffered are cognizable actual damages under the Fair Credit Reporting Act.

19. Because of Defendants' willful violations of the fair credit laws, Plaintiff is entitled to an award of actual damages (or statutory damages), such punitive damages as the Court may allow, and Plaintiff's costs and reasonable attorney's fees.[1]

## CAUSE OF ACTION
## VIOLATIONS OF THE FCRA BY EQUIFAX AND EXPERIAN
## (CONSUMER REPORTING AGENCIES)

20. Equifax and Experian each violated FCRA § 1681e(b) by preparing and publishing one or more inaccurate consumer reports about Plaintiff to third parties because Equifax and Experian did not follow reasonable procedures to assure maximum possible accuracy of information they reported about Plaintiff. Those consumer reports, upon information and belief, contained inaccurate information about Plaintiff, including but not necessarily limited to the Duplicate Student Loan Balances.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages and equitable relief against Defendants:

1. Awarding against each Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o.

2. Such other and further relief as may be necessary, just, and proper.

---

[1] Even if a jury finds that a Defendant's unlawful conduct was merely negligent, Plaintiff would still be entitled to an award of actual damages, costs, and reasonable attorney's fees in this fee-shifting action.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

/s/ Matthew A. Lazroe
Law Office of Matthew A. Lazroe
Matthew A. Lazroe, Esq.
43 Court Street, Suite 1111
Buffalo, NY 14202
716-989-0090
matthew@lazroelaw.com